IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**MICHAEL SIMS,**

      **Plaintiff,**

v.                                                      No. CIV-06-0026 JH/LAM

**MELISSA VILLANUEVA, et al.,**

      **Defendants.**


**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court, *sua sponte* under 42 U.S.C. § 1997e(a), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding *in forma pauperis*. In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). For the reasons below, Plaintiff will be required to show cause why his complaint should not be dismissed.

According to the provisions of § 1997e(a), "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004) ("inmates [must] exhaust fully all of their claims before filing in federal court."). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1997e(a) for failure to exhaust administrative remedies. *See Lee v. Suther*, No. 00-1014, 2001 WL 10244, at **1 (10th Cir. Jan. 4, 2001); *and see Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir.

1987) (upholding sua sponte dismissal based on affirmative defenses "obvious from the face of the complaint.").

On January 9, 2006, Plaintiff filed his civil rights complaint, asserting claims of retaliation and denial of medical treatment. The complaint alleges that Plaintiff's attempts to exhaust administrative remedies, as required by § 1997e(a), were "pending" at the time of filing. (*Doc. 1 at 5*.) On February 8, 2006, Plaintiff filed a "Notice To The Court" (Doc. 10), asserting that he had exhausted administrative remedies. Attached to the notice are documents indicating that on January 30, 2006, corrections officials denied Plaintiff's appeals from his grievances. A complaint filed before exhaustion of administrative remedies must be dismissed. *See Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) (requiring district courts to dismiss rather than allow exhaustion "pendente lite"); *Peoples v. Gilman*, 109 F. App'x 381, 383 (10th Cir. 2004) (upholding dismissal where grievance is filed after complaint). Plaintiff will be required to show cause why his complaint should not be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the initial payment toward the filing fee is **WAIVED**;

**IT IS FURTHER ORDERED** that, **within twenty (20) days from entry of this order, Plaintiff shall file a response showing cause why his complaint should not be dismissed without prejudice for failure to exhaust administrative remedies.**

                                                                            _Lourdes A. Martínez_
                                                                            **LOURDES A. MARTÍNEZ**
                                                                            **UNITED STATES MAGISTRATE JUDGE**